[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
This civil action is an administrative appeal pursuant toG.L. 1956 (1993 Reenactment) § 42-35-15 from a decision of the defendant Liquor Control Administrator (hereinafter simply "the Administrator"), issued on November 9, 1993, which denied and dismissed the plaintiff's appeal from the denial by the Board of License Commissioners of the City of Central Falls (hereinafter "the Board") of a transfer of the plaintiff's Class BV beverage license to 55 Sheridan Street in the City of Central Falls. This Court has jurisdiction pursuant to G.L. 1956 (1987 Reenactment)§ 3-3-9. The plaintiff's complaint was filed on December 10, 1993. Initial briefing was completed on March 8, 1994 and the records of the Administrator were certified on March 31, 1994. The case was assigned to this Justice for decision on March 31, 1994. The Court requested that the Attorney General file a memorandum regarding the constitutionality of G.L. 1956 (1987Reenactment) § 3-7-19, as amended. The Attorney General intervened and filed a memorandum on April 21, 1994. The plaintiff filed a response on April 25, 1994. This matter is now in order for decision.
I
The historical facts as found by the Administrator in his decision are undisputed. For several years the premises at 55 Sheridan Street in Central Falls were occupied and used as the location of a licensed beverage establishment known as the "Sportsman." On November 28, 1990 the United States Drug Enforcement Administration raided the premises and ultimately seized the real estate and fixtures at that location, but not its Class BV license. On September 9, 1991 the beverage license then held by the owners of the "Sportsman's Lounge" at 55 Sheridan Street was revoked by the Board. Apparently, no appeal was taken from that revocation by any party in interest, including the United States. The plaintiff has entered into a purchase and sale agreement with the United States of these premises subject to approval of the transfer of its existing Class BV license from Cowden Street to 55 Sheridan Street. The Administrator and the Board found that the plaintiff is an otherwise qualified person to hold a beverage license under the law of this State.
The Administrator found that all of the owners of private real property within a two hundred (200) foot radius surrounding the proposed premises at 55 Sheridan Street have objected in writing to the granting of a Class BV beverage license at the location. On October 1, 1992 the City of Central Falls changed the zoning classification of the premises at 55 Sheridan Street from a C-2 commercial district, in which beverage establishments are permitted, to an M-2 manufacturing zone, in which they are not.
The Administrator concluded as a matter of law that §3-7-19 barred approval of the transfer because of the remonstrance of owners of the greater part of the land within the two-hundred-foot radius. He also concluded that because the zoning of the proposed premises does not permit its use for the sale of beverages, the transfer cannot be approved.
II
The question of the constitutionality of the application of§ 3-7-19 to the plaintiff's request to transfer its license depends upon the construction of the statute and the precedential value of Bourque v. Dettore, 589 A.2d 815 (R.I. 1991) to the facts of this case. It presents for decision the question left open by the Supreme Court in El Nido, Inc. v. Goldstein,626 A.2d 239, 241, fn. 1 (R.I. 1993).
The plaintiff argues that § 3-7-19 applies only to the original issue of the licenses mentioned in the section at a given location and not to the transfer of an already issued license from one location to another under § 3-5-19. It does acknowledge that there is language in Ramsay v. Sarkas,110 R.I. 590, 597, 295 A.2d 416, 420 (1972) which suggests that an applicant for the transfer of a license is subject to the same conditions of remonstration as an application for an original issuance.
The Administrator has construed the meaning of § 3-7-19 to include the transfer of existing licenses from one location to another. He derives this construction from an analysis of the point of view of the abutting landowners. As to them, the owners of a greater part of the land within the defined radius can exclude a license from their immediate neighborhood. It makes no logical difference to these landowners whether the sale of alcoholic beverages they want to exclude is pursuant to an originally granted license or one transferred from another location. So far as they are concerned someone wants to sell alcoholic beverages in a place in their neighborhood where no one presently has a license to do so. There is no reason for the General Assembly to have intended to treat transfer applications differently from original applications.
The plaintiff recognizes the persuasive power of the Administrator's construction when it argues that in this case this transfer should not be subject to § 3-7-19 because of the long-standing, pre-existing license at the location, for which the plaintiff wishes to "substitute" its existing license. It argues that the intent of the General Assembly was to permit a neighborhood veto only where an applicant seeks to use a parcel of land for the first time as a location for the sale of beverages under the licenses mentioned in § 3-7-19. According to its reasoning it is only "taking-over" the former owners' license with its own.
The plaintiff does concede that Bourque v. Dettore, supra,
disposes of any contention that § 3-7-19 is an invalid delegation of legislative power. It argues that its situation is factually different from the applicant in that case, and so the holding in that case that a substantially identical remonstrance provision did not deprive an applicant of property without due process or deny it equal protection of the law does not apply to it.
The plaintiff contends that it has somehow succeeded to the property interests of the former holders of the Class BV license at 55 Sheridan Street. Its argument is that when the United States seized the premises it also seized the right to conduct a licensed retail beverage establishment. Presumably, when the United States agreed to sell the premises to the plaintiff, it agreed to transfer those premises as a location for a going restaurant business. If that business, before it was seized, had enjoyed a license to sell alcoholic beverages, that license might then have been transferred to a buyer, subject to approval of the buyer by the licensing authorities and to other conditions which apply to transfers from an existing holder to a new one. In this case, the plaintiff says, it didn't need a holder-to-holder transfer because it already held an appropriate license for another location.
The fundamental flaw in plaintiff's argument is that there is no property right to sell alcoholic beverages on any premises except as specifically permitted by the law of the State, since a State could prohibit such sales altogether. See California v.LaRue, 409 U.S. 109, 114-16, 93 S.Ct. 390, 34 L.Ed.2d 342, 349-50, veh. den. 410 U.S. 948, 93 S.Ct. 1351, 35 L.Ed.2d 615 (1972); C. Tisdall Co. v. Board of Aldermen of the City ofNewport, 57 R.I. 96, 103, 188 A. 648, 652 (1936). Any right by anyone to sell alcoholic beverages at all at 55 Sheridan Street depended on the existence of a valid license to do so. That license was revoked on September 9, 1991. Neither the United States nor the holder of the license appealed from that revocation. After that revocation no one held a valid license to sell alcoholic beverages on those premises. Of course, the person who had held the revoked license could apply for reissuance of the license under §§ 3-5-22 or 3-5-23, whichever was appropriate. No such person has so applied.
The United States has never applied for a license or any renewal or reinstatement of the license in existence at the time of the seizure. No person acting for or on behalf of the United States has joined the plaintiff in this action. There is no evidence whatever that any agency of the United States claims any right to sell alcoholic beverages on the premises. In fact the clear implication from the purchase and sale agreement, under which the plaintiff claims to succeed to any interest of the United States, is that the United States does not have any such right, whether or not evidenced by a license, because the agreement is expressly conditioned on a transfer of a current
liquor license to the location, and not a transfer tothe buyers of a license at the location.
The plaintiff clearly has no "grandfathered" rights to sell intoxicating beverages at 55 Sheridan Street, either by virtue of someone else's revoked license or by succession to an interest which has never been claimed by the United States. As a consequence, § 3-7-19, as applied to this plaintiff does not deprive it of any property protected by the Fourteenth Amendment without due process. Nor has it been denied equal protection of the law of this State. All persons are equally denied the right to sell intoxicating liquor at 55 Sheridan Street over the remonstrances of the landowners prescribed by § 3-7-19. Since that kind of denial must be held to be a valid exercise of this State's power to regulate the sale of intoxicating beverages, seeBourque v. Dettore, supra, its application to this plaintiff is constitutionally valid in the absence of any showing of improper discrimination.
III
Although the valid remonstrances from neighboring landowners under § 3-7-19 should be dispositive of this case, the Administrator's decision rested upon a second persuasive ground. After the license held by some former occupiers of the premises was revoked, the zoning classification of the district in which the premises were located was changed in a general revision of the zoning ordinance on October 1, 1992. The Administrator decided that the premises could no longer be used for the sale of intoxicating beverages at retail. See Matunuck Beach Hotel,Inc. v. Sheldon, 121 R.I. 386, 397, 399 A.2d 489, 494 (1979).
The plaintiff's reliance on Town of Coventry v. Glickman,429 A.2d 440 (R.I. 1981) is misplaced. The fact that the United States was a titleholder in that case as it is in this one is purely coincidental. The reason the Town of Coventry was not permitted to enforce its zoning ordinance and subdivision regulations to prevent the applicants from subdividing land they obtained from the United States was because the subdivision of the land had in fact been a pre-existing non-conforming use at the time the ordinance and regulation were adopted, which had not been abandoned, and not because it was the United States which had created the non-conforming use. This would be a different case, perhaps, if a holder of the revoked license were to claim that the use of the premises as a restaurant licensed to sell and serve intoxicating liquor was a pre-existing non-conforming use, which had not been abandoned.
The question of abandonment is one of fact. Mere non-use, even for an extended period of time, is not conclusive evidence of abandonment. The non-use must be accompanied by an intent to abandon the use in order to prove abandonment. Intent may be proved, nonetheless, by inference from circumstantial evidence.
There is nothing in the evidence in this record which would tend to prove that the United States ever had any intent to use these premises as a place licensed for the sale of intoxicating beverages. Unlike the Glickman case, there is no documentation from the agency of the United States administering the property that it considered itself to be in possession of property with a pre-existing non-conforming use. See Glickman, supra, at 443. In fact, the only evidence in the record purporting to come from an agent representing the United States is the purchase and sale agreement, which, by clear implication, disclaims any right in the United States to operate a licensed establishment.
The right to live on land which one owns could be regarded as pre-legal and fundamental to any civilized society. Any regulation of that kind of land use must be viewed with the circumspection that a restriction of a basic, if not fundamental, right deserves. It is difficult to equate the economic interest in selling and serving intoxicating liquor with the interest in living on a piece of land. The Twenty-first Amendment, and its informing jurisprudence reflect that obvious distinction. However tempting it may be to say that all land use regulation is the same, principles of decision in cases like Glickman, supra,
involving single-family residences ought to be applied only with great caution to cases involving commercial liquor licensing.
In this case the Administrator found as a fact that the holders of the former license abandoned the use of the land for the sale and serving of alcoholic beverages after their license was revoked on September 9, 1991 and before the premises were re-zoned as of October 1, 1992. That finding is based on more evidence than mere non-use during that period. There is evidence that no one sought to renew the license on November 1, 1991. No one appealed the revocation. No one sought to reinstate the license. To this date no one has sought to transfer the premises as a licensable establishment. The United States, which still owns the property, has not asked for relief from the application of the ordinance, nor has it claimed it is entitled to any such relief as a successor in interest to the former holders of the license. There is some evidence that the use of the premises as a food vending establishment has not been abandoned. That issue is not before the Court on this appeal. In view of the evidence in the record, this Court may not substitute its judgment for that of the Administrator, on the weight of the evidence, even if it wanted to. Environmental Scientific Corporation v. Durfee,621 A.2d 200, 208 (R.I. 1993).
Since no one had any license to sell intoxicating beverages on the premises at the time of the zoning change, and, because the zoning at the time of the plaintiff's application did not permit use of the premises for the sale of intoxicating liquor, the application could not legally be granted. Matunuck BeachHotel, Inc. v. Sheldon, supra.
For all the foregoing reasons the decision of the Administrator is affirmed.
The defendant will present a judgment for entry upon notice to the plaintiff.